■ HICKSVILLE MACHINE WORKS CORP., Appellant, v EAGLE PRECISION, INC., Respondent. [635 NYS2d 300] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered June 8, 1994, which is in favor of the defendant and against it in the principal sum of $14,782.50, and (2) from an order of the same court, entered July 28, 1994, which denied its motion pursuant to CPLR 4401 (b) to set aside the judgment.

Ordered that the appeal from the judgment is dismissed as academic; and it is further,

Ordered that the order entered July 28, 1994, is reversed, on the law, the plaintiff's motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff entered into a contract with Sikorsky Aircraft (hereinafter Sikorsky), a helicopter manufacturer, under which

Sikorsky was to deliver 66 rough forgings to the plaintiff and the plaintiff was to convert the rough forgings into finished helicopter parts. Under its contract with Sikorsky the value of each rough forging was set at $935. The plaintiff was responsible for the value of each forging in the event that it was not properly processed into a usable part.

The plaintiff and the defendant entered into a subcontract pursuant to which the defendant was to process the raw forgings into finished parts. The majority of the finished parts were eventually sold to Sikorsky. However, it is uncontested that a number of the parts which the defendant returned to the plaintiff were unusable scrap for which the plaintiff paid Sikorsky $935 each, for a total of $11,220. The defendant sued the plaintiff for payment for the parts the plaintiff did sell to Sikorsky. The Supreme Court, after a nonjury trial, in a judgment entered June 8, 1994, awarded the defendant $14,782.50, deciding that it would not credit the plaintiff with the value of raw forgings returned by the defendant as unusable under a theory analogous to the "right to cure" under Uniform Commercial Code § 2-508. The plaintiff moved pursuant to CPLR 4404 (b) to set aside the judgment. The court held that even if the UCC, which applies to the sale of goods, does not apply in this instance, the plaintiff's duty to mitigate damages does apply, requiring that the plaintiff allow the defendant a reasonable opportunity to cure the defects in the forgings the defendant returned to the plaintiff. We reverse.

There is no authority for applying Uniform Commercial Code § 2-508 to this contract, which is for the performance of services on goods, the ownership of which was never transferred from the helicopter manufacturer to the plaintiff or the defendant. Moreover, the record does not indicate that the plaintiff could have mitigated its damages by giving the defendant a reasonable opportunity to cure the defects. In fact there was no evidence in the record to support the proposition that a cure was possible where both the plaintiff and the helicopter manufacturer found the parts to be unusable.

We agree with the Supreme Court's finding that there was insufficient evidence presented at trial to determine the actual value of the parts. Although the helicopter manufacturer valued the parts at $935 pursuant to its contract with the plaintiff, there was some testimony that the parts could be obtained for as little as $625 each.

Accordingly, since the plaintiff was not given a full opportunity at trial to prove the actual value of the parts that were unusable scrap, the matter is remitted to the Supreme

Court for a trial on that issue and a modification of the judgment to reflect a credit to the plaintiff for the cost of replacing the parts.

In light of our determination on the appeal from the order entered July 28, 1994, the appeal from the judgment is dismissed as academic. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.